# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FOY BULLARD, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-1062 |
| : | |
| AGENT WHITTEAKER, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**PRATTER, J.**                                                                                                                                                                           **APRIL 23, 2019**

Currently before the Court are Plaintiff James Foy Bullard's Motion for Leave to Proceed *In Forma Pauperis*, his Prisoner Trust Fund Account Statement, and his *pro se* Complaint.[1] (*See* Doc. Nos. 1, 5 & 6.) The Court will grant Mr. Bullard leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this civil action[2] and dismiss his Complaint with leave to amend.

Because Mr. Bullard is proceeding *in forma pauperis*, the Court must screen his Complaint and dismiss it if it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In determining whether a complaint states a claim, a district court "must

---

[1] The Complaint appeared to have been filed on behalf of two Plaintiffs, Mr. Bullard and Abdul Ideen. A review of the docket for Mr. Bullard's pending criminal case in state court reflects that "Abdul Ideen" is one of Mr. Bullard's aliases. *See Commonwealth v. Bullard*, Docket No. MC-51-CR-0005477-2019 (Phila. Municipal Court). Accordingly, the Court will terminate Abdul Ideen as a separate party to this lawsuit.

[2] However, because Mr. Bullard is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the $350 filing fee in installments. *See* 28 U.S.C. § 1915(b).

accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. Rather, "[a] complaint has to 'show' such an entitlement with its facts." *Id.* Given Mr. Bullard's *pro se* status, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Here, Mr. Bullard names the following individuals as defendants: (1) Agent Whitteaker; (2) Agent Diuittis; (3) Agent Stilaub; (4) Postal Inspector Hayden; (6) Graham; (7) Stagol; (8) Sullivan; (9) Blanche Carney; (10) Delaney; (11) Bello; and (12) May. His Complaint is comprised of only one sentence, *i.e.*, "pursuant to the statewide racial and religious discrimination racial profiling from the government state system and City of Philadelphia the Plaintiff is requesting permission to redress the federal and state violations of porpartratating [sic] a known fraud upon the court, the malicious prosecution claims, defamation of character, etc." (Compl. at 3.)[3] Mr. Bullard has not stated any facts describing what each defendant did or did not do to violate his rights or cause him harm. Accordingly, he has failed to state any basis at all, let alone a plausible basis, for a claim against the defendants. Therefore, the Court must dismiss his Complaint.

It appears that Mr. Bullard sought to raise false arrest and malicious prosecution claims, presumably pursuant to 42 U.S.C. § 1983. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are

---

[3] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

2

sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Although Mr. Bullard failed to allege any facts in support of the elements necessary to establish his legal claims, it is possible he could cure the defects in his Complaint by providing additional appropriate factual support. Accordingly, the Court will provide him an opportunity to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.[4]

**BY THE COURT:**

_____
GENE E.K. PRATTER, J.

---

[4] Around the same time that Mr. Bullard filed his complaint in the instant case, he filed two other complaints that are based on similar allegations, but which identify different defendants. *See Bullard v. Smeal*, Civ. A. No. 19-1186; *Bullard v. Commissioner*, Civ. A. No. 19-1187. Given the absence of factual allegations in Mr. Bullard's complaints, the Court will not consolidate these actions at this time because it is not clear that they are based on the same underlying events.

3